

# UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

JAMIE STANTON

        Plaintiff,

vs.

SAN BERNARDINO COUNTY
CHILDREN AND FAMILY SERVICES

      **Defendant.**

5:22-cv-00128-UA

Case No.: 03012021_____

Magistrate _____

**MEMORANDUM IN
SUPPORT OF MOTION TO
CONFIRM ARBITRATION
AWARD**

## MEMORANDUM IN SUPPORT OF MOTION TO CONFIRM ARBITRATION AWARD

This memorandum is submitted on behalf of Petitioner Jamie Stanton in support of its motion, pursuant to 9 U.S.C. § 9, to confirm an arbitration award. This motion should be granted and the award confirmed into a judgment because the arbitration was in all respects proper and the award is final and binding.

## Statement of Facts

On or about 3/05/2021 Petitioner and Respondent entered into an agreement which provided that the parties would settle any dispute arising out of the agreement by arbitration according to online contract artibration.

## Procedural Background

On or about  Petitioner filed an arbitration claim with **Online Contract Arbitration** using the "Desk Arbitration" method. DAVID CRABTREE was the sole arbitrator.

The parties stipulated and agreed that, in addition to other remedies, actual Compensatory damages are to be assessed according to the formula of $10,000 per/day in the state's/agency's custody after the initial 72 hour window for response to the proposed Contract.

On  the arbitrators used that formula to issue the Petitioner Jamie Stanton an award of 10,000.00 dollars per/day beginning from the day the contract was breached and going forward until stipulations in the contract where fullfilled.

The Contract stated that punitive damages can be optionally assessed. It was deemed that punitive damages may be warranted in the event that Respondent did not voluntarily comply with this award. In such an event. The arbitrator imposed punitive damages at a rate of 4 times the amount of actual Compensatory damages, in addition to other remedies awarded, pursuant to **Pacific Mut. Life Ins. Co. v. Haslip, 499 US**

**MEMORANDUM IN SUPPORT OF MOTION TO CONFIRM ARBITRATION AWARD  - 2**

**San Bernardino county children and family services entered** into Default on 03/18/2021. Up to the point of writing this memorandum on 01/12/2022, that would be a total of 300 days.

300 days x $10,000 per day = $3,000,000.00

3 of my children are still in states custody.

3,000,000×4 = **$12,000,000 awarded by arbitrator.**

The arbitratior also awarded, as agreed to in the contract, that the respondent:

1.) Agency withdrawal and discharge the juvenile case with prejudice.

2.) Agency returned the claimant what they took from them namely their children

3.) The agency removed the claimants name from the central registry

4.) The claimant Jamie Stanton recover the respondent San Bernardino County children and family services actual competency damages to include $10,000.00 per day beginning from the day the contract Was breached and going forward until the stipulations in the contract have been fulfilled.

5.) The claimant recovered punitive damages from the respondent  Is equivalent to 4 times the amount of compensary damages conditioned upon the respondents failure  to voluntary comply with This award immediately and the claimant is forced to petition any competent court for confirmation and enforcement of this award.

**MEMORANDUM IN SUPPORT OF MOTION TO CONFIRM ARBITRATION AWARD  - 3**

6.)  This award is final and binding upon issuance and execution of the arbitrator signature below and takes full force and effect immediately upon issuance.

Petitioner now moves to confirm this award.

## Explanation

The Federal Arbitration Act, 9 U.S.C. § 9, provides that "within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected."

 Accordingly, the court has the obligation to confirm Petitioner's arbitration award into a 1997] 17 Derner and Haydock: Confirming an Arbitration Award Published by Mitchell Hamline Open Access, 1997 WLLIAM MITCHELL LAW REVIEW judgment. See Doctor's Assocs., Inc. v. Casarotto, 116 S. Ct. 1652, 1657 (1996) (stating the purpose of the Federal Arbitration Act is to ensure that private agreements to arbitration are enforced); AlliedBruce Terminix Cos. v. Dobson, 115 S. Ct. 834, 838 (1995) ("[T]he basic purpose of the Federal Arbitration Act is to overcome courts' refusals to enforce agreements to arbitrate."); Southland Corp. v. Keating, 465 U.S. 1, 15-16 (1984) (holding the Federal Arbitration Act preempts state law and state courts cannot apply state statutes that invalidate arbitration agreements).

The standard of review of an arbitrator's decision by the court is very narrow. The scope of review is limited and the court will not examine the validity of the

**MEMORANDUM IN SUPPORT OF MOTION TO CONFIRM ARBITRATION AWARD  - 4**

decision except to the extent that the award exceeds the agreement of the parties. See Burchell v. Marsh, 58 U.S. 344, 349 (1854) (stating the appropriate scope of judicial review is whether the award is the honest decision of the arbitrator, made within the scope of the arbitrator's power, and that a court will not otherwise set aside an award for error, either in law or fact); Coast Trading Co. v. Pacific Molasses Co., 681 F.2d 1195, 1197- 98 (9th Cir. 1982).

Here, the arbitrator, having considered the pleadings and other evidence presented at the hearing, determined that Respondent was liable to Petitioner for $ 12,000,000.00_. There are no grounds for vacating, modifying, or correcting an arbitration award enumerated in 9 U.S.C. §§ 10-11 which exist, and Respondent has not made any motion to vacate, modify, or correct the award.

## Conclusion

Petitioner respectfully requests an order confirming an arbitration award into a judgment  for Petitioner, Jamie Stanton, and against Respondent San Bernardino county children and family services for the following.

1.)  Agency withdrawal and discharge the juvenile case with prejudice.

2.)  Agency returned the claimant what they took from them namely their children

3.)  The agency removed the claimants name from the central registry

4.)  The claimant recover the respondent San Bernardino County children and family services actual competency damages to include $10000 per

**MEMORANDUM IN SUPPORT OF MOTION TO CONFIRM ARBITRATION AWARD  - 5**

day beginning from the day the contract Was breached and going forward until the stipulations in the contract have been fulfilled.

5.)  The claimant recovered punitive damages from the respondent  Is equivalent to 4 times the amount of compensary damages conditioned upon the respondents failure  to voluntary comply with This award immediately and the claimant is forced to petition any competent court for confirmation and enforcement of this award.

6.)  This award is final and binding upon issuance and execution of the arbitrator signature below and takes full force and effect immediately upon issuance.

• 

_____.

Date:_____01/17/2021_____

Jamie Stanton
1508 e Fairfield ct apt1
Ontario ca 91761
Calijayde2017@gmail.com
9513296174

**MEMORANDUM IN SUPPORT OF MOTION TO CONFIRM ARBITRATION AWARD  - 6**